THERIOT, J.
12Plaintiff-appellant, Danny Smith, appeals the jury award following a jury trial in the Nineteenth Judicial District Court. For the following reasons, we affirm the jury award.
FACTS AND PROCEDURAL HISTORY
On October 18, 2012, Mr. Smith was involved in an automobile accident while parking at a gas station on Airline Highway in Baton Rouge. While Mr. Smith was waiting for the truck driven by the defendant-appellee, Kenny Havard, to leave the parking space it occupied, Mr. Havard backed his truck into Mr. Smith’s vehicle. Mr. Smith’s vehicle was totaled and he sustained injuries to his person. Mr. Havard’s truck was owned by the defendant-appellee, Woody’s Access, LLC, and Mr. Havard was in the course and scope of his employment with Woody’s Access at the time of the accident.
Mr. Smith filed a petition for damages against Mr. Havard, Woody’s Access, and First National Insurance Co. of America, the liability insurer of Woody’s Access. The matter proceeded to a trial by jury. After returning a verdict in favor of Mr. Smith, the jury awarded damages as follows:
Past Physical Pain and Suffering $15,000,00
Future Physical Pain and Suffering $0.00
Past Mental Anguish $10,000.00
Future Mental Anguish $0.00
Past Loss of Enjoyment of Life $0.00
Future Loss of Enjoyment of Life $0.00
Past Medical Expense . $25,012.29
Past Lost Wages $0.00
Total $50,012.29
Dissatisfied with the jury’s award, Mr. Smith filed a motion for judgment notwithstanding the verdict and a motion for new trial. Following a hearing on the motions, the district court denied the motions. Mr. Smith then filed the instant appeal.
|sASSIGNMENT OF ERROR
Mr. Smith’s sole assignment of error is that the jury abused its discretion in compensating only $25,000.00 in general damages for disc injuries in Mr. Smith’s cervical and lumbar spine, three epidural steroid injections, three years of treatment, and future lifetime pain and suffering.
STANDARD OF REVIEW
A jury is given great discretion in its assessment of quantum, both general and special damages. Guillory v. Lee, 2009-0075 (La. 6/26/09), 16 So.3d 1104, 1116. The assessment of quantum is a determination of fact, one entitled to great deference on review, and should rarely be disturbed. Id., 16 So.3d at 1116-17. Before a court of appeal can disturb an award *97 made by a jury, the record must clearly reveal that the jury abused its discretion in making its award. Id., 16 So.3d at 1117.
DISCUSSION
Mr. Smith entered evidence of medical expenses totaling $25,012.29. He also introduced an independent medical review by Dr. Curtis Partington, describing two separate examinations, one that took place on December 2, 2008 (almost four years prior to the accident), and another on January 9, 2013 (approximately three months after the accident). An MRI examination in 2008 showed bulging and herniated discs at C3-4, C5-6, and C6-7 in Mr. Smith’s cervical spine. Another MRI examination in 2013 showed improvement in C3-4, but more herniation at C5-6 that “could represent a traumatic injury related to his accident.” The 2013 MRI revealed no change at C6-7.
Additionally, Mr. Smith introduced the deposition testimony of Drs. Joseph Tur-nipseed and Anthony loppolo. Dr. Turnip-seed, a pain management specialist and anesthesiologist, examined Mr. Smith on ^February 14, 2013. Mr. Smith complained of neck pain and lower back pain, which he claimed started after the accident. Dr. Turnipseed was aware that Mr. Smith had been in a previous accident in 2008 and had been prescribed medication. He was also aware of the 2013 MRI, and agreed with its conclusions. Dr. Turnipseed performed a spinal injection for pain relief, and Mr. Smith reported a 75% improvement in his pain level. In May of 2013, Mr. Smith’s pain became more manageable, and the injections were discontinued. However, in November of 2013, Mr. Smith returned to Dr. Turnipseed due to increased pain. At that time, Mr. Smith was referred to Dr. loppolo, who is a neurosurgeon.
Dr. loppolo first saw Mr. Smith on November 26, 2013. Mr. Smith complained of radiating pain in his neck and lower back related to the accident. Dr. loppolo reviewed and agreed with the same MRI results, and he also found spondylolisthe-sis, or slippage, at L5-S1. Dr. loppolo prescribed Mr. Smith narcotic medication and muscle relaxers and referred him back to Dr. Turnipseed for a dorsal medial branch block to alleviate pain. On September 9, 2014, Mr. Smith told Dr. loppolo that the pain was bearable and wanted to terminate care. Dr. loppolo opined that Mr. Smith’s back and neck pain was either caused or aggravated by the 2012 accident, believing that Mr. Smith may ultimately require surgery to permanently alleviate his pain.
Defendants-appellees point out in their brief that the subjective reports of pain Mr. Smith gave to Dr. Turnipseed did not exactly match with the reports he gave to Dr. loppolo. Specifically, Dr. loppolo testified that Mr. Smith complained of radiating low back pain into his right leg and radiating neck pain into the right arm, whereas Mr. Smith failed to mention to Dr. Turnipseed any pain going into the right arm. Both doctors agree, however, | fjthat Mr. Smith had a pre-existing condition from his a 2008 accident that could have been aggravated by the accident in 2012. Dr. loppolo testified that while surgery could permanently resolve Mr. Smith’s pain issues, the pain was manageable since Mr. Smith had last seen him in 2014.
Before this Court can disturb a jury’s award, the record must clearly reveal that the jury abused its discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La. 1976). After reviewing the entire record, we find the evidence does not lean heavily in favor of either Mr. Smith or the defendants- *98 appellees to modify the award; therefore, we find no abuse of discretion on the part of the jury. Even though an appellate court may feel, its own evaluations and inferences are more reasonable than the jury’s, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review where conflict exists in the testimony. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993).
DECREE
The jury verdict and damage award reflected in the Nineteenth Judicial District Court’s judgment is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Danny Smith.
AFFIRMED.